UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL OILWELL VARCO, INC.,

    Plaintiff,

v.                                            CASE NO. 8:20-cv-958-T-02AEP

GOLD EXPRESS USA, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFAULT FINAL JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment (Dkt. 14) and the affidavit of Plaintiff's vice-president of operations with attachments (Dkt. 18). After careful consideration of the motion, the complaint (Dkt. 1), the affidavit, and the entire court file, the Court concludes a default judgment is due to be entered.

## Background

Plaintiff National Oilwell Varco, Inc., as the shipper of certain cargo located in Conroe, Texas, sues Defendant Gold Express USA, as the carrier, who received the cargo in good order for delivery from Conroe, Texas to Dickinson, North Dakota.  Dkt. 1, ¶¶ 6, 8; Dkt. 18 at ¶2–3; Dkt. 18-2; Dkt. 18-3.  The cargo is oil field and refinery equipment machines described as "Advanced Fluid Recovery System components."  Dkt. 1, ¶¶ 6, 8.  In route to North Dakota, the carrier's

vehicle was involved in an accident, and the cargo arrived at its destination in damaged condition.  Dkt. 1, ¶¶ 9–10.

Plaintiff sues Defendant for damages under the Carmack Amendment, 49 US.C. § 14706.  Dkt. 1, ¶¶ 3, 7.  The damages sought include the cost of repairs of $15,029.12 plus $10,012.50 in labor, prejudgment interest, and costs.  Dkt. 1, ¶¶ 10–11 & wherefore clause; Dkt. 18 at 17.[1]  Plaintiff also seeks prejudgment interest beginning August 1, 2019, the date of the initial demand.  Dkt. 1, ¶¶ 10–11; Dkt. 1-1; Dkt. 14-1.

Defendant was served with the summons and complaint.  Dkt. 10.  Because Defendant failed to plead or otherwise defend, a clerk's default was entered.  Dkt. 13.

The Court finds the complaint and the underlying substantive merits more than sufficient.  *See Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (holding default judgment must be based on complaint that states a claim and "is supported by well-pleaded allegations, assumed to be true") (citation omitted).  Defendant is deemed to have admitted liability on the well-pleaded allegations of fact in the complaint.  *Buchanon v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (relying on *Nishimatsu Constr. Co. v. Houston Nat'l Bank*,

---

[1] The wherefore clause of the complaint requests "prejudgment interest from the date of its August 1, 2019 demand."  Dkt. 1 at 3.

515 F.2d 1200 (5th Cir. 1975)).  Damages may be awarded without a hearing if the amount is a liquidated sum or capable of mathematical calculation.  *See* Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) (citing cases).

## Damages, Prejudgment Interest, Costs

Plaintiff is entitled to damages under the Carmack Amendment, which are a sum certain, and therefore no hearing is necessary.  Repair damages in the amount of $25,041.62 are both supported by the sworn submissions and reasonable.

The Carmack Amendment is silent as to prejudgment interest and the district court has discretion to award such interest.  *Werner Enterprises, Inc. v. Westwind Maritime Int'l, Inc.*, 554 F.3d 1319, 1328 (11th Cir. 2009) (recognizing discretion to award prejudgment interest in Carmack Amendment case).  The method employed to calculate prejudgment interest is also discretionary.  *Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala.*, 41 F.3d 1476, 1484 (11th Cir. 1995).  The rate selection, or method of calculation, is guided by "reasonableness and fairness," by state law, and by the federal rate for post-judgment interest under 28 U.S.C. § 1961.  *Werner*, 554 F.3d at 1328–29.  The Eleventh Circuit has affirmed applying a state law's method of calculation.  *See, e.g.*, *Smith v. Am. Int'l Life Assur. Co. of N.Y.*, 50 F.3d 957–58 (allowing in ERISA case prejudgment interest rate based on state law).  In this default setting, with no

3

objections from the Defendant, the Court will apply Florida's rate of prejudgment interest as requested by Plaintiff.  Dkt. 18 at 3.

Costs are recoverable for the court filing fee of $400.00 and service of process fees of $55.00, totaling $455.00.  28 U.S.C. § 1920.  The cost of *pro hac vice* admission is not recoverable.  *Ferrara Candy Co. v. Exhale Vapor LLC*, No. 2:17-cv-512-FtM-38MRM, 2019 WL 317646, at *4 (M.D. Fla. Jan. 7, 2019) (citing other Middle District cases holding same).

It is therefore **ORDERED AND ADJUDGED** as follows:

1. The motion for default judgment (Dkt. 14) is granted to the following extent.  Damages are awarded in favor of Plaintiff National Oilwell Varco and against Defendant Gold Express USA, LLC in the amount of $27,120.98, consisting of $25,041.62 in damages; $455.00 for costs; and $1,624.36 in prejudgment interest beginning August 1, 2019.

2. The Clerk is directed to enter a final default judgment in favor of Plaintiff and against Defendant in accord with paragraph 1, together with post-judgment interest to accrue at the legal rate.

3. The Clerk is directed to terminate all deadlines and close the case.

**DONE AND ORDERED** at Tampa, Florida, on August 18, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE